```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
ARLENE ROSADO and CARLOS ROSADO,                                     :
                                                                     :
                        Plaintiffs,                                  :
                                                                     :
            -v-                                                      :
                                                                     :
IGNACIO CASTILLO, individually and d/b/a                             :
"EXCLUSIVE MANAGEMENT CO.", EXCLUSIVE                                :
REALTY CORP. and 118 REALTY ASSOC., LLC,                             :
                                                                     :
                        Defendants.                                  :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2021

20-cv-3913 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Arlene Rosado ("Arlene") and Carlos Rosado ("Carlos") move for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs allege that Defendants Ignacio Castillo ("Castillo"), doing business as Exclusive Management Co. ("Exclusive Management"), 118 Realty Association, LLC ("118 Realty"), and Exclusive Realty Corp. ("Exclusive Realty"), failed to pay minimum wage and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and the New York Labor Law (the "NYLL"). Plaintiffs additionally seek liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. For the reasons discussed below, the Court orders the entry of default judgment and awards $266,992.62 in damages (including prejudgment interest) and $6,835.50 in attorney's fees and costs.

**FACTUAL BACKGROUND**

The following facts are drawn from Plaintiffs' complaint and are accepted as true for purposes of this motion. Dkt. No. 1 ("Compl." or "Complaint"). Plaintiffs have worked as

superintendents for a building located on 188th Street in the Bronx, New York.  Compl. ¶ 2.  While Arlene has held the title "superintendent," Carlos shared the daily responsibilities.  Plaintiffs' roles included sweeping and mopping the building's stairs, maintaining the appearance of the front and back of the property, handling the property's trash, showing apartments to prospective tenants, providing orientation information to new tenants, cleaning apartments when tenants had departed, and preparing apartments for new tenants.  *Id.* ¶ 5.  Plaintiffs also provided general tenant services with respect to heat, electrical, or plumbing issues on a 24-hour basis.  *Id.* ¶ 6.

Both Plaintiffs worked an average of thirty-six hours per week, and often worked in excess of forty hours per week.  *Id.* ¶¶ 44-45.  Additionally, they were on call twenty-four hours each day to respond to tenant issues.  *Id.* ¶ 46.  Plaintiffs allege they were never paid any overtime wages.  *Id.* ¶ 52.  Plaintiffs allege that they were not provided with "the weekly, written statement with every payment of wages, listing, among other things, the overtime rate of pay and the number of overtime hours worked."  *Id.* ¶ 7.  *See also id.* ¶ 10 ("Neither of the Plaintiffs was ever provided with proper wage notices and/or wage statements.").

Arlene was paid a flat rate of $300.00 per month for the entire time she worked for Defendants.  Compl. ¶ 7.  In addition, she lived in an apartment in the building rent-free.  *Id.*  Carlos was not compensated for his work.  *Id.*  Plaintiffs' electric and gas bills were paid for by Defendant Exclusive Management, but Arlene paid out of pocket $150.00 per month for a phone line that is used to field calls from Exclusive Management and from the building's tenants.  *Id.* ¶ 8.  Neither Plaintiff ever received a wage notice or wage statement.  *Id.* ¶ 10.  Plaintiffs were terminated and ordered to vacate their apartment by letter dated January 27, 2020.  *Id.* ¶¶ 12-13.

2

**PROCEDURAL BACKGROUND**

Plaintiffs filed the Complaint on May 20, 2020. Castillo was served on June 2, 2020, and 118 Realty and Exclusive Realty were served on June 4, 2020. Dkt. Nos. 5-7. No Defendant answered. On July 15, 2020, Plaintiffs submitted proposed certificates of default against Defendants, which the Clerk granted. Dkt. Nos. 10-16. On July 28, 2020, Plaintiff filed a motion for default judgment. Dkt. No. 17. The Court ordered the parties to appear for a conference on September 15, 2020. No Defendant appeared at the conference.

**DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) ("A defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages."). The second step, entry of a default judgment, "coverts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not

agree that the alleged facts constitute a valid cause of action." *Id*. (citation omitted); *see Spin Master Ltd. v. 158*, 2020 WL 2766104, at *9 (S.D.N.Y. May 28, 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and plaintiffs "must therefore substantiate [their] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

## DISCUSSION

### A.     Jurisdiction and Venue

Jurisdiction over the FLSA claims is proper under 28 U.S.C. § 1331 and jurisdiction over the NYLL claims is proper pursuant to 28 U.S.C. § 1367. Defendants are subject to the personal jurisdiction of this Court. Castillo is a New York resident, Compl. ¶ 18, Exclusive Realty is a New York corporation, Compl. ¶ 20, and Exclusive Management is alleged to be an unincorporated alter ego of Exclusive Realty. Compl. ¶ 22. Venue is proper in the Southern

District of New York under 29 U.S.C. § 1132(e)(2), because Defendants transact business, reside and have agents in this district, and a significant portion of the events giving rise to the claims occurred in this district.  Compl. ¶ 38.

### B. Liability

The factual allegations of the Complaint establish that Defendants are liable under FLSA and the NYLL.  Plaintiffs allege that Defendants did not compensate Carlos at all for any work he performed in the last six years, in violation of both state and federal minimum wage law.  Carlos also alleges that he worked uncompensated overtime hours.  These allegations are sufficient to establish liability both under FLSA and the NYLL.

Arlene alleges that, although she was paid a flat rate of $300 per week, which, along with her rent-free apartment, satisfied state and federal minimum wage requirements, she often worked more than 40 hours per week.  Under FLSA, overtime must be paid "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).  Arlene alleges that she was never paid overtime for hours worked in excess of forty at any time during her employment.

Both Plaintiffs additionally allege that at no time during the past six years did they receive notice and wage statements that are required under the NYLL.  These claims are sufficient to establish liability against Defendants.

### C. Damages

#### 1. Unpaid Wages

Carlos avers in his affidavit that he worked 36 hours per week on average for the period from 2014 to January 27, 2020, for an average of 5.14 hours per day, seven days per week.  Dkt. No. 19 ¶ 3.  He offers the following calculation of the minimum wage to which he was entitled:

5

| Year | Days of Work | New York Minimum Wage | Unpaid Wages |
|---|---|---|---|
| 2014 | 225 | $8.75/hour | $10,119.40 |
| 2015 | 365 | $9/hour | $16,884.90 |
| 2016 | 366 | $10.50/hour | $19,753.08 |
| 2017 | 365 | $12/hour | $22,513.20 |
| 2018 | 365 | $13.50/hour | $25,327.35 |
| 2019 | 365 | $15/hour | $27,000.42[1] |
| 2020 | 27 | $15/hour | $2,081.70 |
| TOTAL | | | $123,680.06 |

Additionally, under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." *Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012). A court may grant an award of liquidated damages against a defaulting party under FLSA or the NYLL. *See Rana v. Islam*, 887 F.3d 118, 122 (2d Cir. 2018) (holding that a court may grant liquidated damages against a defaulting party under FLSA or the NYLL, but may not award cumulative liquidated damages under both statutes). Carlos offers the following calculation of his liquidated damages.

| Year | Unpaid Wages | Liquidated Damages Percentage | Liquidated Damages |
|---|---|---|---|
| 2014 | $10,119.40 | 25% | $2,529.85 |
| 2015 | $16,884.90 | 25% | $4,221.23 |
| 2016 | $19,753.08 | 25% | $4,938.27 |
| 2017 | $22,513.20 | 25% (through May 20); 100% (through the end of the year) | $15,647.45 |
| 2018 | $25,327.35 | 100% | $25,327.35 |
| 2019 | $27,000.42 | 100% | $27,000.42 |
| 2020 | $2,081.70 | 100% | $2,081.70 |

Carlos also claims he is entitled to 9% per annum interest on all of these sums. N.Y. C.P.R.L. § 5004. Including interest, the total amount of damages is as follows:

---

[1] Plaintiffs appear to have miscalculated this number. At $15/hour, 5.14 hours of work per day in a 365-day year would amount to $28,141.50. Plaintiffs' calculations seem to assume that Plaintiffs were entitled only to $13.50 in months with 30 or 28 days. For example, they calculate their minimum wage entitlement in February at $1,942.92. But $15 times 5.14 times 28 is $2,158.80. $1,942.92 is $13.50 times 5.14 times 28. Jf those assumptions are accurate, the correct total should have been $28,141.50.

6

| Year | Unpaid Wages | Liquidated Damages | Subtotal | Interest | Total Damages |
|---|---|---|---|---|---|
| 2014 | $10,119.40 | $2,529.85 | $12,649.25 | $6,334.68 | $18,983.93 |
| 2015 | $16,884.90 | $4,221.23 | $21,106.13 | $8,670.28 | $29,776.41 |
| 2016 | $19,753.08 | $4,938.27 | $24,691.35 | $7,914.76 | $32,606.11 |
| 2017 | $22,513.20 | $15,647.45 | $38,160.65 | $8,797.86 | $46,958.51 |
| 2018 | $25,327.35 | $25,327.35 | $50,654.70 | $7,119.41 | $57,774.11 |
| 2019 | $27,000.42 | $27,000.42 | $54,000.84 | $2,729.63 | $56,730.47 |
| 2020 | $2,081.70 | $2,081.70 | $4,163.40 | $0 | $4,163.40 |
|  |  |  |  | **GRAND TOTAL** | $246,992.62[2] |

Thus, Carlos claims he is entitled to $246,992,62 in unpaid wages, liquidated damages, and interest.

Arlene does not claim that she is owed any unpaid wages, because Defendants provided her with an apartment which counts against her minimum wage entitlement under New York law. N.Y. Comp. Codes R. & Regs. tit. 12 § 141-1.5.

   2.   **Notice and Wage Statements**

Under New York Labor Law § 198-1b, employers are required to provide an employee with a notice within ten business days of her first day of employment a notice containing her rate of pay, the basis thereof, and the regular pay day. If an employer fails to do so, the employee is entitled to $50 per day, up to a maximum of $5,000. N.Y. Lab. L. § 191-1b ("If any employee is not provided within ten business days of his or her first day of employment a notice . . ., he or she may recover in a civil action damages of fifty dollars for each work-day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."). Further, under New York Labor Law § 198-1b, employers are required to provide their employees with weekly wage statements. If an employer fails to provide the wage statements, the employee is entitled to $250 per day up to a maximum

---

[2] Plaintiffs appear to have made a slight error in totaling this amount. The actual amount should be $246,992.94

7

of $5,000. N.Y. Lab. L. § 191-1d ("If any employee is not provided a statement or statements . . ., he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.")

Both Arlene and Carlos aver that they never received the required notice or wage statements, and accordingly, they are each entitled to $10,000 in damages, for a total of $20,000. Thus, in total, Plaintiffs are entitled to an award of $266,992,62.[3]

### 3.   Attorney's Fees

Under FLSA and the NYLL, Defendants are liable for reasonable attorney's fees. Counsel has submitted contemporaneous billing records showing that he billed $6,835.50 for 18.2 hours of work at a rate of $375 per hour and for costs associated with this case. Dkt. No. 21 at 7-8. "The Court assesses the reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012). Plaintiff's counsel has not provided the Court with estimates of the mean hourly rates for attorneys litigating comparable cases. However, a rate of $375 per hour is within the range typically commanded by experienced wage and hour litigators. *See, e.g.*, *Garcia v. Bad Horse Pizza, Inc.*, 2017 WL 192955, at *6 (S.D.N.Y. Jan. 18, 2017) ("Courts in this circuit have previously determined that rates of $400 per hour for partners . . . are reasonable in FLSA cases."); *Yuquilema v. Manhattan's Hero Corp.*, 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for

---

[3] Plaintiffs ask for $276,992.62, which appears to be the result of an error by which they counted Carlos' $10,000 in damages for wage and notice violations twice.

8

experienced litigators in wage-and-hour cases."). Thus, Plaintiffs' counsel's fee request is granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to a default judgment in the amount of $266,922.62, plus $6,835.50 in costs, disbursements, and attorney's fees. If Plaintiffs wish to correct the apparent oversights in their calculation of the total judgment, they have leave to move to correct the judgment under Federal Rule of Civil Procedure 60 by April 12, 2021.

SO ORDERED.

Dated: March 29, 2021
      New York, New York                             LEWIS J. LIMAN
                                                         United States District Judge